UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID EVANS ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| vs. ) | |
| ) | |
| ) | |
| CAPITAL COLLECTION ) | |
| SERVICES *a/k/a or t/a or d/b/a* ) | **JURY TRIAL DEMANDED** |
| NOSOMA SYSTEMS, INC., ) | |
| *a New Jersey fictitious entity,* ) | |
| ) | |
| & ) | |
| NOSOMA SYSTEMS, INC., *a/k/a* ) | |
| *or t/a or d/b/a* CAPITAL ) | |
| COLELCTION SERVICE, ) | |
| *a New Jersey Corporation* ) | |
| ) | |
| **Defendants** ) | |
| ) | |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, David Evans, by and through his undersigned counsel, Bruce K. Warren, Esquire, and Brent F. Vullings, Esquire, of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.   Plaintiff, David Evans, is a adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practice.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, David Evans, is an adult natural person residing at 56 Rosedale Drive, Bridgeton New Jersey 08302.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Collection Service a/k/a or t/a or d/b/a Nosoma Systems, Inc., a New Jersey fictitious entity (hereinafter "Capital"), is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 300 Route 73 North, PO Box 150, West Berlin, NJ 08091.

6. Defendant, Nosoma Systems, Inc., a/k/a or t/a or d/b/a Capital Collection Service, is a New Jersey Corporation (hereinafter "Nosoma"), is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 300 Route 73 North, PO Box 150, West Berlin, NJ 08091.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. In or around June, 2011, Plaintiff started to receive calls from Defendants in regard to a debt allegedly owed to the ambulance services of Underwood Memorial Hospital.

9. Plaintiff informed the Defendants that he had been disputing this bill due to the exorbitant cost since the ambulance company never transported the Plaintiff to the hospital.

10. Defendants informed the Plaintiff that this did not matter and that he still needed to pay his co-pay of $600.00.

11. Plaintiff tried to explain that he was currently out of work on disability and he could not afford to pay that much money at this time.

12. Plaintiff asked Defendants if they could settle for a lower payment.

13. On a call in or about July, 2011, Plaintiff asked Defendants, agent, if he could make a payment of $250.00.

14. During that call, an agent for the Defendants agreed to the Plaintiff's payment offer.

15. However, a few days later, another agent for the Defendants called the Plaintiff back and informed him that the agent that he spoke with earlier in the week did not have the authorization to accept Plaintiff's payment offer.

16. Plaintiff was told that the Defendants could not accept anything lower than the full amount due on this account.

17. Defendants demanded that the Plaintiff pay the full amount of $600.00 immediately.

18. Plaintiff again tried to explain that he was on a limited income and that he could not pay such a large sum.

19. Plaintiff was threatened with a lien on his property if failed to pay this debt.

20. Defendants calls continued to relentlessly threaten the Plaintiff insuring him that he would face legal action if he didn't make this payment.

21. Neither Defendant has ever mailed the defendant a "30 day validation" letter within five (5) days of the first communication with Plaintiff.

22. As a direct consequence of the Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

23. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such persons in connection with the collection of a debt.

24. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

26.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

27.     The above paragraphs are hereby incorporated herein by reference.

28.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

§§ 1692g         Failure to send consumer 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Capital Collection Service a/k/a or t/a or d/b/a Nosoma Systems, Inc. and Nosoma Systems, Inc., a/k/a or t/a or d/b/a Capital Collection Service, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date: September 29, 2011   BY: _/s/ Bruce K. Warren_
                                Bruce K. Warren, Esquire

                           BY: _/s/ Brent F. Vullings_
                                Brent F. Vullings, Esquire

                                Warren & Vullings, LLP
                                93 Old York Road
                                Suite 333
                                Jenkintown, PA 19046
                                215-745-9800   Fax 215-745-7880
                                Attorneys for Plaintiff